UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| LANA PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 4:24-cv-00242-RSB-CLR |
| GARY MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS RENORDA HERRING AND
GARY MOORE'S MOTION TO DISMISS**

Defendants Renorda Herring and Gary Moore, through counsel, submit this reply in support of their motion to dismiss. Doc. 20.

**A. The Court Lacks Personal Jurisdiction Based On Lack Of Service**

Rule 4 requires personal service of the summons and complaint by a person who is at least 18 years of age and who is not a party to the lawsuit. *See* Fed. R. Civ. P. 4(c)(2). Service must be made in person, by leaving copies of same with a person of suitable age and discretion at the defendant's home, or by delivering copies of same to a lawfully appointed agent for service of process. *See* Fed. R. Civ. P. 4(e)(2).

Plaintiff has failed to effect personal service of the summons and complaint on Defendants Herring and Moore. *See* Fed. R. Civ. P. 4(c)(2). Plaintiff has filed an affidavit of service by someone named Glenn Christian and claims that personal service has been completed. *See* Doc. 24 at 7, 9. But service remains deficient for the following reasons.

**1. Defendant Herring has not been personally served**

First, Defendant Herring has not been personally served. Attached to this reply brief is Defendant Herring's declaration stating that she has not been personally served and she has

- 1 -

never received any documents from someone by the name of Glenn Christian. *See* Exhibit 1 (Declaration of Renorda Herring). The affidavit of service states that Glenn Christian served Renorda Herring and describes the person served as 42 years old, Caucasian, female, 250 pounds, and 5'2. *See* Doc. 24 at 7. As shown by Defendant Herring's declaration, she is not 42 years old, she is African-American and not Caucasian, she is not 250 pounds, and she is not 5'2. *See* Exhibit 1. The person described as being served by Glenn Christian in the affidavit of service is not Defendant Herring.

The affidavit of service also states that the documents served was the "Summons (Received Nov 12, 2024 at 9:10am EST)". *See* Doc. 24 at 7. The affidavit does not show that a copy of the complaint was served. *See id.* Rule 4 requires personal service of the summons *and complaint* by a person who is at least 18 years of age and who is not a party to the lawsuit. *See* Fed. R. Civ. P. 4(c)(2). Thus, service of only the summons and not the complaint is not sufficient to satisfy Rule 4.

For the reasons stated, Defendant Herring was not personally served. Therefore, this Court lacks personal jurisdiction over her and the claims against her should be dismissed.

### 2. Defendant Moore has not been personally served

Defendant Moore has not been personally served. Attached to this reply brief is Defendant Moore's declaration stating that he has not been personally served and he has never received any documents from someone by the name of Glenn Christian. *See* Exhibit 2 (Declaration of Gary Moore). The affidavit of service states that an Officer Miller received service at Coastal State Prison. *See* Doc. 24 at 9. However, Defendant Moore is not Officer Miller and he does not work at Coastal State Prison.

Rule 4 allows for service to be made by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2). Glenn Christian did not serve Defendant Moore by any of these methods. Defendant Moore was not served personally, does not reside at Coastal State Prison, and Officer Miller is not an agent authorized to receive service of process on Defendant Moore's behalf. *See* Exhibit 2.

Service may also be made by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). Georgia law allows for service to be made in the same methods as Fed. R. Civ. P. 4(e)(2) listed above. *See* O.C.G.A. § 9-11-4(e)(7). As already stated, Glenn Christian did not serve Defendant Moore by any of those methods. If Plaintiff is attempting to argue that Glenn Christian left the summons at Defendant Moore's usual place of business or with his employer, Georgia law does not have a provision for leaving a copy at the individual's usual place of business or with the individual's employer. *See Reeves v. Long*, 2024 U.S. Dist. LEXIS 65706, at *6 (S.D. Ga. Apr. 10, 2024) (J. Hall); O.C.G.A. § 9-11-4(e)(7). But even if it did, Coastal State Prison is not Defendant Moore's usual place of business and Officer Miller is not his employer. *See* Exhibit 2.

The affidavit of service also states that the documents served was the "Summons (Received Nov 12, 2024 at 9:10am EST)". *See* Doc. 24 at 9. The affidavit does not show that a copy of the complaint was served on Defendant Moore. *See id.* Again, as stated above, Rule 4 requires personal service of the summons *and complaint* by a person who is at least 18 years of age and who is not a party to the lawsuit. *See* Fed. R. Civ. P. 4(c)(2). Thus, service of only the

summons and not the complaint is not sufficient to satisfy Rule 4.

For the reasons stated, Defendant Moore was not personally served. Therefore, this Court lacks personal jurisdiction over him and the claims against him should be dismissed.

### B. The Eleventh Amendment And Sovereign Immunity, And The Text Of Section 1983, Bar Plaintiff's Official Capacity Claims

Plaintiff states that she does not bring claims against Defendants in their official capacity, thus, no official capacity claims are pending against these Defendants. *See* Doc. 23.

### C. The Federal Claims Against Defendant Herring Are Barred By The Doctrine Of Absolute Prosecutorial Immunity

Plaintiff does not present any argument based in law that Defendant Herring should not be entitled to absolute prosecutorial immunity. She argues generally that the prosecution is malicious, that the case is easy to prosecute or dismiss but it has been pending for almost two and a half years, and that no jury would side with the prosecution. *See* Doc. 23 at 2-3. She argues in conclusory fashion that Defendant Herring "failed to act as an advocate for the state and prosecute the alleged crimes" to "wait[] until the statute of limitations . . . expired." *See id.*

Plaintiff's arguments are baseless. Again, as stated in the motion to dismiss, a prosecutor is immune for malicious prosecution. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (*citing Malley v. Briggs*, 475 U.S. 335, 342-43 (1986)). In Plaintiff's response, like in her complaint, she is complaining about how Defendant Herring has handled the case as a prosecutor, which is protected by absolute immunity, and does not show that Defendant Herring acted outside of her role as an advocate for the State. *See* Doc. 20-1 at 4-5; *see Hart*, 587 F.3d at 1295.

She also cites the concurring opinion in *Imbler v. Pachtman*, 424 U.S. 409, 438 (1976) to argue that prosecutorial immunity applies to after the decision to prosecute is made. *See id.* If she

is attempting to argue that there has not been a decision to prosecute in this case, she contradicts this argument in the same response when she states that "defendant Herring *continued* the prosecution even though it was without probable cause." *See* Doc. 23 at 4 (emphasis added). That portion of the concurring opinion in *Imbler* is dicta explaining why Justice White agrees with the majority opinion in that case regarding why a prosecutor's actions should be immune from a malicious prosecution claim in a Section 1983 lawsuit. *See Imbler*, 424 U.S. at 438. There is a pending criminal prosecution against Plaintiff here, and she brings a claim for malicious prosecution against Defendant Herring. *See* Doc. 1 at 12-13. As Justice White states in that same concurring opinion, "a prosecutor is absolutely immune from suit for malicious prosecution." *See id*. As previously stated, absolute immunity applies to the claims against Defendant Herring. *See Hart*, 587 F.3d at 1295.

For the reasons stated above and previously in the motion to dismiss, Plaintiff's federal claims against Defendant Herring must be dismissed.

### D. Plaintiff Fails to State a Malicious Prosecution Claim Against Defendant Herring

Plaintiff argues that whether she was arrested with or without legal process does not matter. *See* Doc. 23 at 4. That is not what the law says. To prove a malicious prosecution claim under the Fourth Amendment, a plaintiff must first show "that he suffered a seizure pursuant to legal process that violated the Fourth Amendment." *Laskar v. Hurd*, 972 F.3d 1278, 1284 (11th Cir. 2020) (citing *Williams v. Aguirre*, 965 F.3d 1147, 1157-1159 (11th Cir. 2020)). This requires him to "'establish (1) that the legal process justifying his seizure was constitutionally infirm and (2) that his seizure would not otherwise be justified without legal process.'" *Id.* (quoting *Williams*, 965 F.3d at 1165). Plaintiff has not met her burden and the malicious prosecution claim fails.

Additionally, Plaintiff has not shown the common law elements of malicious prosecution, which are: (1) the defendant instituted a criminal prosecution against the plaintiff; (2) with malice and without probable cause; (3) which terminated in the plaintiff's favor. *Id.* (citing *Williams*, 965 F.3d at 1157). Plaintiff argues that Defendant Herring continued the criminal prosecution without probable cause, and that if there is no prosecution that means it ended in her favor. *See* Doc. 23 at 4. But as stated in the motion to dismiss, Plaintiff's allegation of a "fail[ure] to prosecute" cuts against a claim of malicious prosecution because she is required to show that a criminal prosecution was instituted against her. She does not provide factual allegations to show malice or that the prosecution was without probable cause. *See* Doc. 1 at 12. And her allegation that Defendant Herring "refuses to prosecute or dismiss" charges shows that the prosecution has not terminated at all, let alone in Plaintiff's favor. *See id*.

Thus, Plaintiff fails to state a claim and the malicious prosecution claim against Defendant Herring should be dismissed.

Plaintiff's claim of malicious prosecution under the Second Amendment also fails because no such claim exists. *See Raymond v. Hillsborough Cnty.*, 2024 U.S. Dist. LEXIS 206650, at * (M.D. Fla. Nov. 14, 2024) (*citing Howe v. City of Enter.*, 2018 U.S. Dist. LEXIS 158716, at *33 (M.D. Ala. 2018) (rejecting claim of second amendment violation where individual officer disarmed plaintiff during investigation at plaintiff's home)). Plaintiff offers no argument to the contrary. Thus, Plaintiff's attempt to bring a malicious prosecution claim under the Second Amendment fails.

### E. Qualified Immunity Bars Plaintiff's Malicious Prosecution Claims Against Defendant Herring

Defendant Herring is entitled to qualified immunity. Plaintiff has not addressed qualified immunity in her response. Because Defendant Herring was acting within her discretionary authority,

the burden is Plaintiff's to show that qualified immunity is not appropriate. *See Lee v. Ferraro*, 284 F. 3d 1188, 1194 (11th Cir. 2002). Plaintiff has not carried that burden because she has not shown that the constitutional right asserted was clearly established at the time the alleged violation occurred. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

Additionally, she cannot make this showing because, as discussed previously, Plaintiff has not pleaded that Defendant Herring violated her Second or Fourth Amendment rights. Accordingly, Defendant Herring is entitled to qualified immunity and the claims should be dismissed on this alternative basis.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion and dismiss all claims that are asserted against them in this action.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| LORETTA L. PINKSTON-POPE<br>Deputy Attorney General | 580385 |
| ROGER A. CHALMERS<br>Senior Assistant Attorney General | 118720 |
| /s/ Jason H. Kang<br>JASON H. KANG<br>Assistant Attorney General | 759836 |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

I further certify that a copy of the foregoing will be served upon Plaintiff by U.S. mail, first class postage prepaid, addressed as follows:

Lana Patrick
9378 Arlington Expy Pmb 204
Jacksonville, FL 32225

This 4th day of April, 2025.

/s/ Jason H. Kang