# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| LANA PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 4:24-cv-00242-RSB-CLR |
| GARY MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF DEFENDANT AARON PINEIRO'S
## MOTION TO STAY PROCEEDINGS

Defendant Aaron Pineiro, through counsel, submits this reply in support of his motion to stay this action (Doc. 22) pending full adjudication of the state court criminal proceedings against Plaintiff.

In her response (Doc. 24), Plaintiff does not address the arguments in Defendant's motion. Instead, she cites three cases that do not address the merits of the *Younger* analysis at issue in the motion. Thus, she fails to show why abstention under *Younger v. Harris*, 401 U.S. 37 (1971) should not apply here.

This case involves one of the three "extraordinary circumstances" that were delineated by the United States Supreme Court as the appropriate cases for *Younger* abstention, which is a parallel and pending state criminal proceeding. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013); *and see also Dandar v. Church of Scientology Flag Serv. Org.*, 619 F. App'x 945, 947. Plaintiff does not argue otherwise in her response.

Once one of the three extraordinary circumstances is found to exist, a court must then consider whether (1) there is a pending state judicial proceeding; (2) that implicates important state interests; and (3) provides an adequate opportunity to raise constitutional challenges.

*Dandar*, 619 F. App'x at 948 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *accord 31 Foster Child. v. Bush*, 329 F.3d at 1274-75. These three requirements are met as described in Defendant's motion. *See* Doc. 22-1 at 2 (*citing Shaw v. Carson*, 2022 U.S. Dist. LEXIS 205580, *2-4 (S.D. Ga. Oct. 17, 2022) (Cheesbro, M.J.); *Juidice v. Vail*, 430 U.S. 327, 335 (1977); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009); *Dandar*, 619 F. App'x at 948-49). Plaintiff does not argue otherwise in her response.

Last, even if *Younger* abstention is favored under the *Middlesex* factors, *Younger* abstention is not appropriate when (i) the state proceedings are motivated by bad faith, (ii) irreparable injury would occur, or (iii) there is no adequate alternative state forum where constitutional issues can be raised. *Id.* at 948 (*citing Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)). Plaintiff does not argue explicitly that any of these three factors should cut against *Younger* abstention. However, she cites two cases that might be construed as her attempt to argue that the state proceedings are motivated by bad faith.

First, she cites *Cox Communications, Inc. v. Lowe*, 173 Ga. App. 812 (1985), a Georgia Court of Appeals case which involved an inmate who was incidentally filmed by a television station from a public parking lot and broadcast as part of a news story. The inmate sued the television station for invasion of privacy. *See id.* Here, Plaintiff was not an inmate at the time of the alleged incident and has not brought a lawsuit for invasion of privacy. *See* Doc. 1. Although she believes she should not be convicted of trespassing because *Cox Communications* includes facts related to a parking lot within a guard line at a correctional facility, *Cox Communications* does not establish whether *Younger* abstention should or should not apply in this case. If Plaintiff is attempting to argue that the state charged her criminally without having a reasonable expectation of a favorable outcome, she has not done so through the allegations in her complaint.

*See White v. Cox*, 2021 U.S. App. LEXIS 35107, *6 (11th Cir. 2021) ("A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction" and this "exception requires a substantial allegation that shows actual bad faith").

Plaintiff then cites a case from the Southern District of Georgia, *Dollar v. Williamson*, No. 3:08-cv-00039-DHB-WLB (Doc. 34) (S.D. Ga. Mar. 25, 2009) (Bowen, J.), to interpret the statute under which she was criminally charged, O.C.G.A. § 42-5-17. But *Dollar* does not establish whether Plaintiff would or would not prevail in the pending criminal prosecution against her in state court. *Dollar* involved a facial challenge to the constitutionality of O.C.G.A. § 42-5-17, claiming that it was void for overbreadth and vagueness in violation of the First and Fourteenth Amendments. The Court in *Dollar* analyzed the statute for the purpose of determining overbreadth and vagueness, but acknowledged that it "lacks jurisdiction to authoritatively construe state legislation." *See Dollar*, No. 3:08-cv-00039-DHB-WLB (Doc. 34), at 9 (*citing U.S. v. 37 Photographs*, 402 U.S. 363, 369 (1971) and *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972) ("Extrapolation," of course, is a delicate task, for it is not within our power to construe and narrow state laws)). But more importantly, as stated previously, if Plaintiff is attempting to argue that the state charged her criminally without having a reasonable expectation of a favorable outcome, she has not shown this through the allegations in her complaint. *See White*, 2021 U.S. App. LEXIS 35107, at 6. As explained in the motion, she only alleges in conclusory fashion that she is being maliciously prosecuted. Thus, *Younger* abstention applies here and Plaintiff has not shown otherwise.

Plaintiff argues that this case is more like *Dombrowski v. Pfister*, 380 U.S. 479 (1965) than *Younger*. *See* Doc. 24. In *Dombrowski*, appellants were Southern Conference Educational Fund, Inc. (SCEF), which was active in fostering civil rights for African Americans in Louisiana

and other southern states; Dombrowski, SCEF's executive director; Smith, SCEF's treasurer; and Waltzer, an attorney for SCEF. *See Dombrowski*, 380 U.S. 479 at 482. Appellants sought declaratory and injunctive relief against the Governor, police, and Chairman of the Legislative Joint Committee on Un-American Activities in Louisiana from prosecuting or threatening to prosecute appellants for violations of the Louisiana Subversive Activities and Communist Control Law and the Communist Propaganda Control Law. *See id*. Appellants alleged that the statutes were overbroad and were susceptible to being improperly applied to violate their constitutional right to free expression. *See id.* Plaintiff does not seek a federal injunction against state criminal prosecution involving a statute regulating free speech in this case, so it is not like *Dombrowski*. *See* Doc. 1. And more importantly, she does not explain why *Dombrowski* should limit *Younger* abstention in this case.

This is a case involving section 1983 claims for monetary damages. *Younger* abstention extends to such cases. *See Shaw*, 2022 U.S. Dist. LEXIS 205580 at 2-3 (*citing Doby*, 758 F.2d at 1406 (requiring *Younger* abstention where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings)). Plaintiff does not show otherwise. For all the reasons stated above and previously in Defendant's motion, Plaintiff's section 1983 case should not be allowed to proceed concurrently with the Plaintiff's state criminal case.

## CONCLUSION

Defendant respectfully requests that this Court stay further proceedings in this civil action until the pending state criminal charges are fully adjudicated, as is appropriate under the *Younger* abstention doctrine.

                Respectfully submitted,

                CHRISTOPHER M. CARR      112505
                Attorney General

|  |  |
|---|---|
| LORETTA L. PINKSTON-POPE<br>Deputy Attorney General | 580385 |
| ROGER A. CHALMERS<br>Senior Assistant Attorney General | 118720 |
| /s/ Jason H. Kang<br>JASON H. KANG<br>Assistant Attorney General | 759836 |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

I further certify that a copy of the foregoing will be served upon Plaintiff by U.S. mail, first class postage prepaid, addressed as follows:

Lana Patrick
9378 Arlington Expy Pmb 204
Jacksonville, FL 32225

This 4th day of April, 2025.

/s/ Jason H. Kang