IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LANA PATRICK,

    Plaintiff,

v.

GARY MOORE; AARON PINEIRO;
THOMAS LOVE; MATTHEW RICH; and
RENORDA HERRING,

    Defendants.

CIVIL ACTION NO.: 4:24-cv-242

**O R D E R**

Plaintiff filed this lawsuit claiming that Defendants violated her constitutional rights by arresting her while she was working as a journalist outside of a state prison facility and by prosecuting her maliciously. (Doc. 1.) The Court **GRANTS** Defendant Aaron Pineiro's Motion to Stay, (doc. 22), and **DIRECTS** the parties to file a joint status report regarding Plaintiff's criminal charges in the manner set forth below. The Court **DIRECTS** Plaintiff to serve Defendants Gary Moore and Renorda Herring within **forty-five (45) days** of the date of this Order. The Court **GRANTS** Pineiro's Motion to Set Aside Default, (doc. 12).

**I.**     **Younger Stay**

Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case to avoid interference with an ongoing state action. See Younger v. Harris, 401 U.S. 37 (1971). While Younger involved a federal suit to enjoin the ongoing state proceedings, the Eleventh Circuit Court of Appeals has indicated that the Younger abstention doctrine extends to cases involving Section 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d

1405, 1405–06 (11th Cir. 1985) (requiring Younger abstention where plaintiff raised Fourth Amendment Section 1983 damages claims related to ongoing state criminal proceedings); see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (federal intervention in ongoing state court proceedings is not appropriate through a Section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings).

Defendant Pineiro has attached documents indicating that the State of Georgia is prosecuting Plaintiff for criminal trespass and loitering near inmates after being ordered to desist. (Doc. 22-2.) While Plaintiff maintains in her Response to Pineiro's Motion, (doc. 24), that she is not being prosecuted, she asserts a claim for malicious prosecution in her Complaint, (doc. 1, p. 12). Because it appears Plaintiff's prosecution is ongoing, any ruling by this Court as to the constitutionality of Defendants' actions could substantially interfere with the results reached in a state court proceeding. See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). Moreover, Plaintiff cannot demonstrate the lack of adequate remedy at law if the state prosecution is indeed pending, because she would be free to allege the same violations by Defendants in her state criminal proceedings. See Boyd v. Georgia, No. CV 112-042, 2012 WL 2862157, at *2 (S.D. Ga. May 14, 2012), report and recommendation adopted, No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012), aff'd, 512 F. App'x 915 (11th Cir. 2013) (concluding that plaintiff had an adequate remedy at law with respect to constitutional claims that he could bring in his pending state criminal case). In addition, Plaintiff's allegations provide no indication of irreparable injury, and the hardships associated with having to defend against a criminal prosecution do not establish irreparable injury as a matter of law. Younger, 401 U.S. at 47 ("Certain types of injury, in

particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

Consequently, the Court **STAYS** this litigation. All deadlines, except those imposed in this Order, are **STAYED**. However, the Court does not want this action to remain stayed indefinitely. Accordingly, Plaintiff and counsel for all Defendants shall meet and confer telephonically to discuss the status of Plaintiff's criminal prosecution within **twenty-one (21) days** of the date of this Order. The parties shall file a joint status report updating the Court on the status of Plaintiff's criminal charges within **thirty-five (35) days** of the date of this Order.

### III. Service of Defendants Renorda Herring and Gary Moore

Defendants Renorda Herring and Gary Moore have made a compelling argument that the Court lacks personal jurisdiction over them because Plaintiff has not served them. (Doc. 20-1, pp. 2–3.) Plaintiff was required to serve Defendants within ninety days of filing the Complaint. Fed. R. Civ. P. 4(m). She was required to prove service by filing the server's affidavit. Fed. R. Civ. P. 4(l)(1). Plaintiff recently filed affidavits in which Glenn Christian states that he has served Herring and Moore. (Doc. 24, pp. 7, 9.) However, Herring and Moore have credibly claimed that Christian did not serve them. (Docs. 28-1, 28-2.)

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." A plaintiff may request an extension of time for service of process upon the showing of good cause, but even in the absence of such a showing, the Court "must still consider whether any other circumstances warrant an extension of time." Lepone-Dempsey v. Carroll County Comm'rs, 476

F.3d 1277, 1282 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(m)). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment. Here, the Court finds good cause to allow additional time for Plaintiff to correct any deficiencies in her service of Herring and Moore. Plaintiff has not wholly disregarded her service obligations, and the Court has allowed additional time on facts less concerning than those presented here. See King v. Marcy, No. 2:17-CV-112, 2019 WL 691782, at *5 (S.D. Ga. Feb. 19, 2019) (allowing additional time for service though plaintiff incorrectly named defendants and made woeful attempts to serve defendants even after court ordered plaintiff to perfect service).

Plaintiff attempted to timely serve Herring and Moore with a process server. Given the Court's stay of this case, Herring and Moore will suffer no prejudice from an extension of the time for service. Thus, the Court provides Plaintiff an additional **forty-five (45) days** from the date of this Order to properly serve Defendants Renorda Herring and Gary Moore. Plaintiff shall file proof that these Defendants have been properly served with a summons and the Complaint (or that they have waived service). Counsel for Herring and Moore shall cooperate with Plaintiff in her effort to have these Defendants served. That said, it is Plaintiff's responsibility to properly perfect service on Herring and Moore and, if she fails to do so, the Court may dismiss her claims.

### IV. Pineiro's Motion to Set Aside Default

Defendant Pineiro was required to file his Answer on December 12, 2024. However, he did not do so until eight days later. (Doc. 13.) Concurrently with his Answer, Pineiro filed a Motion to Set Aside Default. (Doc. 12.) Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside an entry of default." "'Good cause' is a mutable

standard, varying from situation to situation." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Considerations include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.

Setting aside Pineiro's default will not cause any prejudice to Plaintiff or the other Defendants. Indeed, no party has opposed his request to set aside his default. Pineiro has presented a plausible reason for why he failed to answer timely, and he acted quickly after discovering his default. Additionally, he has outlined meritorious defenses in his pleadings. Thus, the Court **GRANTS** his Motion to Set Aside Default, (doc. 12), and his Answer, (doc. 13), is deemed timely filed.

**SO ORDERED**, this 9th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA